United States District Court
Eastern District of New York

------------------------------------X

Global Facilities Managers Ltd,

        Plaintiff,                  **Memorandum and Order**

  - against -                     No. 24-cv-4826 (KAM) (LGD)

Command7 Services Group, LLC,

        Defendant.

------------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

    Command7 Services Group, LLC ("Command7"), hired Global Facilities Managers Ltd ("GFM") to perform snow removal services. (ECF No. 7-2, Notice to Provide Services ("Contract").) The parties' contract provides, *inter alia*, that laws of the State of Utah govern the parties' relationship and that "the sole jurisdiction and venue for actions related to the subject matter" of the contract "shall be the state and federal courts sitting in Salt Lake County in the State of Utah." (*Id.* § 16.) After a payment dispute arose, GFM commenced a breach of contract action against Command7 in New York state court. (ECF No. 1-2 p. 4, Compl.) Command7 timely removed the action to this Court, invoking this Court's diversity jurisdiction, (ECF No. 1, Notice of Removal), and now moves under 28 U.S.C. § 1404(a) to transfer venue to the District of Utah, (ECF No. 7,

Notice of Mot.). Plaintiff does not oppose Command7's motion to transfer venue.

Title 28 U.S.C. § 1404(a) permits a federal district court "[f]or the convenience of the parties and witnesses" and "in the interest of justice" to "transfer any civil action to any other district . . . to which all parties have consented." 28 U.S.C. § 1404(a). When the basis for the transfer motion is a "valid forum-selection clause," however, the court must give no weight to the "plaintiff's choice of forum" or "the parties' private interests." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63-64 (2013). The court must transfer the case unless the plaintiff shows that "public-interest factors overwhelmingly disfavor a transfer." *Id.* at 66. Because public interest factors will "rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 64.

A forum-selection clause is "presumptively enforceable" if it was reasonably communicated to the adverse party, mandatory, and encompasses the claim at issue. *Rabinowitz v. Kelman*, 75 F.4th 73, 81 (2d Cir. 2023) (quoting *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014)). The adverse party may rebut the presumption by showing that the forum-selection clause is invalid or that its enforcement would be unreasonable or unjust. *Id.*

Here, the Court must grant Command7's motion to transfer venue because the parties' contract contains an enforceable, mandatory forum-selection clause that was communicated and agreed to by GFM and encompasses the claim in the instant action, and GFM has not shown that the public interest overwhelmingly disfavors a transfer. First, the forum-selection clause was reasonably communicated to GFM because it appears directly in the parties' contract and is unambiguous. *See Bank v. Laptop & Desktop Repair LLC*, 206 F. Supp. 3d 772, 778 (E.D.N.Y. 2016) (finding forum-selection clause reasonably communicated where contract at issue "clearly set forth" clause). Second, the forum-selection clause is mandatory because it uses the words "sole" and "shall." *See TecFolks, LLC v. Claimtek Sys.*, 906 F. Supp. 2d 173, 177 (E.D.N.Y. 2012) (finding forum-selection clause mandatory where clause used word "shall" and other language conferring exclusive jurisdiction). Third, the forum-selection clause encompasses the breach of contract claim at issue because it covers all "actions related to the subject matter" of the contract. *See Take-Two Interactive Software, Inc. v. Zipperer*, 18 Civ. 2608 (LLS), 2018 WL 4347796, at *3 (S.D.N.Y. Aug. 16, 2018) (finding forum-selection clause encompassed breach of contract claim where it covered all "actions related to the subject matter" of contract).

3

Finally, because GFM declined to respond to Command7's motion, despite having notice and the opportunity to do so, GFM has not rebutted the presumption that the forum-selection clause is enforceable, *see Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007) (explaining that party opposing forum-selection clause has burden to "rebut[] the presumption of enforceability"), nor has GFM shown that enforcing the forum-selection clause would contravene the public interest, *see Atl. Marine*, 571 U.S. at 67 (explaining that the party opposing a forum-selection clause "bear[s] the burden of showing that public-interest factors overwhelmingly disfavor a transfer").

Accordingly, the Court grants Command7's motion under 28 U.S.C. § 1404(a) to transfer venue.  The Clerk of Court is respectfully directed to transfer this action to the United States District Court for the District of Utah.

**So ordered.**

Dated:   December 18, 2024
         Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York

4